# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1972

_____

United States of America

*Plaintiff - Appellee*

v.

Marcelino Ahumada Vargas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas – Little Rock

_____

Submitted: November 12, 2012
Filed: December 14, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Marcelino Vargas pleaded guilty to possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); conspiring to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and illegal reentry into the United States subsequent to deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2).

The district court[1] applied a three-level enhancement to Vargas's offense level for being a manager or supervisor in the conspiracy pursuant to § 3B1.1(b) of the U.S. Sentencing Guidelines and sentenced Vargas to 188 months imprisonment and five years of supervised release. Vargas appealed, arguing that there was not sufficient evidence to support the enhancement. We affirm.

I.

A.

Pursuant to § 3B1.1(b) of the Sentencing Guidelines, "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," the sentencing court may increase the defendant's sentence by three levels. We construe broadly the terms "manager" and "supervisor" under § 3B1.1(b). United States v. Gaines, 639 F.3d 423, 428 (8th Cir. 2011) (citation omitted). The factors that a sentencing court may consider when making a § 3B1.1(b) determination include, *inter alia*, the exercise of the defendant's decisionmaking authority, the nature of the defendant's participation in the commission of the offense, and the degree of control and authority exercised by the defendant over others. See United States v. Adamson, 608 F.3d 1049, 1056 (8th Cir. 2010) (citing U.S.S.G. § 3B1.1 cmt. n.4). "[A]lthough proof of [a defendant's] control over at least one participant is sufficient to sustain a manager/supervisor enhancement on appeal, such proof is not *necessary*, either on appeal or at sentencing." Gaines, 639 F.3d at 428 n.4 (noting that there is no "strict condition requiring evidence of control or decision making authority over one or more accomplices as an absolute prerequisite for a manager/supervisor enhancement under U.S.S.G. § 3B1.1.").

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

We review a district court's factual findings, including its determination of a defendant's role in the offense, for clear error. Gaines, 639 F.3d at 427–28. "The government bears the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted." Id. at 427 (citing United States v. Garcia-Hernandez, 530 F.3d 657, 665 (8th Cir. 2008)).

B.

A presentence investigation report recommended that Vargas's offense level be increased by four levels because he was the organizer or leader of the conspiracy to which he pleaded guilty. Vargas objected on the ground that he did not direct the activities and involvement of any coconspirators. At Vargas's sentencing hearing, the district court heard testimony that Vargas supplied others with methamphetamine for resale and that Vargas paid certain coconspirators to hold and subsequently dispense methamphetamine at his request. Additional testimony revealed that when one of Vargas's coconspirators was arrested, the coconspirator's wife told individuals who owed money to the coconspirator to give the money to Vargas. Based on this testimony, the district court declined to find that Vargas was the organizer or leader of the "loosely knit organization." The district court did, however, find by a preponderance of the evidence that Vargas was a manager or supervisor.

We conclude that the district court's factual determination regarding Vargas's role in the offense was not clearly erroneous. Vargas brought methamphetamine to coconspirators and paid them to hold it for him. This is sufficient to warrant an enhancement under the Sentencing Guidelines. See U.S.S.G. § 3B1.1 cmt. n.2 ("An upward departure may be warranted . . . in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."); see also Adamson, 608 F.3d at 1056 (affirming defendant's three-level enhancement for his role in the offense).

## II.

For the reasons set forth above, we find no clear error in the district court's three-level enhancement to Vargas's offense level for his role in the methamphetamine conspiracy. The judgment of the district court is affirmed.

_____